PER CURIAM.
By previous order we directed the clerk of the circuit court to provide us with copies of appellant’s notice of appeal which he filed in the circuit court, dated October 26, 1981; all orders to which it referred; and a statement from the clerk if no order existed. We also directed the circuit court order of March 4, 1982, be filed as well as the county court docket.
Having examined everything that the clerk has filed pursuant to such order as well as the file of this court in Fields v. State, et al., Case No. 82-851 wherein we sua sponte dismissed appellants’ appellate proceedings for lack of jurisdiction, we can only conclude that rather than accept our earlier decision, appellant has done nothing more than initiate proceedings in the circuit court and now in this court to revisit that which has been finally put to rest.
We start with the premise that the court is responsive to pro se proceedings and gives them the attention they require. There reaches a point, however, when an appellant has filed such quantity of frivolous pro se pleadings that they represent nothing more than abuse of the use of judicial facilities provided each citizen. Such abuse has occurred here, needlessly involving the labor of the circuit court in its appellate capacity as well as this court; and this court will not entertain any further pleadings — in this or any subsequently filed proceeding — seeking further review of action taken in that county court proceeding which is beyond our jurisdiction. We urge appellant to heed our admonition that he has reached the point of abuse so that further action by this court will be unnecessary to stop needless and purposeless interference with the labor of the judges and clerks who have so many appellate disputes of appellant’s fellow citizens to resolve over which this court has jurisdiction.
The appeal and petition for writ of certio-rari, having been consolidated, are dismissed.
GLICKSTEIN, HERSEY and WALDEN, JJ., concur.